# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL TYRONE EDWARD, | No. CIV S-10-0979-JAM-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| D. SWINGLE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) defendants' motions to compel and for sanctions (Docs. 42 & 43); (2) defendants' motions to modify the scheduling order (Docs. 42, 43, 46, & 47); and (3) plaintiff's motion for an extension of the discovery cut-off date (Doc. 44).

The court first addresses defendants' motions to compel and for sanctions. In both motions, defendants argue that plaintiff should be compelled to attend his deposition and pay sanctions for his prior refusal to do so. Defendants noticed plaintiff's deposition for December 20, 2011, at California State Prison – Corcoran. At the time of the deposition, plaintiff refused to raise his right hand to be sworn. He also stated his refusal to participate in the deposition because correctional staff had taken away the hard plastic shell of his pen, leaving him

with only the soft plastic ink cartridge.  Defendant Medina seeks a total of $4,047.18 in monetary sanctions.   The other defendants collectively seek $720.50 in monetary sanctions.  Plaintiff has not opposed either motion.

The court finds that plaintiff's refusal to participate in his December 20, 2011, noticed deposition was without substantial justification and in violation of Federal Rule of Civil Procedure 37(d)(1)(A)(i).  The court will award monetary sanctions in the amount of $1,000.00, $500.00 payable to defendant Medina through his counsel, and $500.00 payable to the remaining defendants through their counsel.  Plaintiff is cautioned that failure to comply with this order or to appear at a subsequently noticed deposition may result in termination sanctions.

The court next addresses the parties' requests to modify the schedule for this case.  On August 25, 2011, the court issued a scheduling order permitting the parties to conduct discovery through December 23, 2011.  All discovery requests were to be served by this date, and any motions necessary to compel discovery were to be filed within 60 days from this date.  Dispositive motions were due to be filed within 90 days of the discovery cut-off date.   Defendant Medina seeks a modification of the schedule to extend the due date for dispositive motions by 120 days.  The remaining defendant seek a similar extension of the dispositive motion filing deadline.  Good cause appearing therefor, defendants' requests will be granted.  Dispositive motions will be due within 120 days of the close of discovery (discussed below).

Plaintiff seeks a "reasonable amount of time" to engage in discovery as to defendant Medina.  In his motion, plaintiff states that he was unable to serve defendant Medina discovery requests until January 10, 2012, because he did not receive Medina's answer to the complaint until January 9, 2012 – several week after the December 23, 2011, discovery cut-off date.  In essence, plaintiff argues that the discovery cut-off should be extended as to defendant Medina because the discovery closed before Medina even appeared in the action by way of his January 2012 answer.  Good cause appearing therefor, plaintiff's request will be granted.  The parties will be permitted to conduct additional discovery through June 25, 2012.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motions to compel and for sanctions (Docs. 42 & 43) are granted;

2. Plaintiff shall appear at his properly noticed deposition;

3. Within 30 days of the date of this order, plaintiff shall pay $500.00 to counsel for defendant Medina;

4. Within 30 days of the date of this order, plaintiff shall pay $500.00 to counsel for the remaining defendants;

5. The parties requests for modification of the schedule for this case (Docs. 42, 43, 44, 46, & 47) are granted;

6. The parties may conduct discovery June 25, 2012; and

7. Dispositive motions are due within 120 days of the close of discovery.

DATED: March 27, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE