1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MEL TYRONE EDWARD,                     No. 2:10-CV-0979-JAM-CMK-P

12              Plaintiff,

13       vs.                                 <u>ORDER</u>

14   M.D. McDONALD, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.   Pending before the court are: (1) plaintiff's motion for appointment of

19   counsel (Doc. 50) and defendants' opposition thereto (Doc. 51); (2) defendants' motion for

20   modifications of the scheduling order (Docs. 52 and 56); and (3) plaintiff's motion for an order

21   setting a case management conference (Doc. 54).

22              In their motions to modify the case schedule (Docs. 52 and 56), defendants first

23   ask that discovery be left open for the limited purpose of deposing plaintiff should this case not

24   be resolved on summary judgment.  Defendants also seek an extension of time to file dispositive

25   motions.  Good cause appearing therefor, the requests will be granted.

26   / / /

1

1    Plaintiff seeks the appointment of counsel (Doc. 50).  The United States Supreme

2 Court has ruled that district courts lack authority to require counsel to represent indigent

3 prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).

4 In certain exceptional circumstances, the court may request the voluntary assistance of counsel

5 pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

6 Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   A finding of "exceptional

7 circumstances" requires an evaluation of both the likelihood of success on the merits and the

8 ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

9 issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be

10 viewed together before reaching a decision.  See id.

11    In the present case, the court does not at this time find the required exceptional

12 circumstances.   Plaintiff has not demonstrated any particular likelihood of success on the merits

13 stemming solely from the court's earlier conclusion that the complaint appears to state claims

14 upon which relief can be granted.  Whether a party states a claim and whether a party has a

15 likelihood of success on that claim are two very different questions.  Additionally, the court finds

16 that plaintiff has a sufficient ability to articulate his claims on his own.  While plaintiff states that

17 he suffers from severe depression and bipolar disorder, these conditions are not in and of

18 themselves such that they would prevent plaintiff representing himself.  In fact, plaintiff's

19 declaration is well-written and organized and demonstrates his ability, despite his mental

20 impairments, to articulate his position on his own.

21    Next, plaintiff seeks an order setting a case management conference.  At this time,

22 the court does not find that such a conference is necessary.  By this order, the court has resolved

23 all outstanding motions and revised the final schedule for this case through the filing of

24 dispositive motions.

25 / / /

26 / / /

1          Finally, the court notes that defendant Medina's motion for summary judgment,

2   filed on October 22, 2012, does not contain the required notice to plaintiff.  See Woods v. Carey,

3   684 F.3d 934, 935 (9th Cir. 2012).  The court now provides that notice as follows:

4          Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998)
(en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988),

5   plaintiff is advised of the following requirements for opposing a motion
for summary judgment made by defendants pursuant to Rule 56 of the

6   Federal Rules of Civil Procedure:  Such a motion is a request for an order
for judgment in favor of defendants without trial.  A defendant's motion

7   for summary judgment will set forth the facts that the defendants contend
are not reasonably subject to dispute and that entitle the defendants to

8   judgment.  To oppose a motion for summary judgment, plaintiff must
show proof of his or her claims.  Plaintiff may do this in one or more of

9   the following ways.  Plaintiff may rely upon statements made under the
penalty of perjury in the complaint if the complaint shows that plaintiff has

10  personal knowledge of the matters stated and plaintiff calls to the court's
attention those parts of the complaint upon which plaintiff relies.  Plaintiff

11  may serve and file one or more affidavits or declarations setting forth the
facts that plaintiff believes prove plaintiff's claims; the person who signs

12  an affidavit or declaration must have personal knowledge of the facts
stated.  Plaintiff may rely upon written records, but plaintiff must prove

13  that the records are what plaintiff claims they are.  Plaintiff may rely upon
all or any part of the transcript of one or more depositions, answers to

14  interrogatories, or admissions obtained in this proceeding.  If plaintiff fails
to contradict the defendants' evidence with counteraffidavits or other

15  admissible evidence, the defendants' evidence may be taken as the truth
and the defendants' motion for summary judgment granted.  If there is

16  some good reason why such facts are not available to plaintiff when
required to oppose a motion for summary judgment, the court will

17  consider a request to postpone considering the defendants' motion.  If
plaintiff does not serve and file a written opposition to the motion or a

18  request to postpone consideration of the motion, the court may consider
the failure to act as a waiver of opposition to the defendants' motion.  If

19  the defendants' motion for summary judgment, whether opposed or
unopposed, is granted, judgment will be entered for the defendants without

20  a trial and the case will be closed.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for appointment of counsel (Doc. 50) is denied;

2.      Defendants' motion to modify the schedule (Doc. 52) to permit plaintiff's deposition to be taken should this matter not be resolved on summary judgment is granted;

3.      Defendants' motion to modify the schedule (Doc. 56) to extend the time for filing dispositive motions is granted;

4.      Dispositive motions are due by November 6, 2012; and

5.      Plaintiff's motion for an order setting a case management conference (Doc. 54) is denied.

DATED:  October 31, 2012

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

4